UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAFAEL HUERTA MENDOZA,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

Case No. 5:26-cv-05616-PD

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 246-062-058**

Rafael Huerta Mendoza ("Petitioner") filed a counseled, verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The Court has considered the Petition, Respondents' Response, and Petitioner's Reply. For the reasons stated below, the Petition is granted.

## I. Background[1]

Petitioner is a 42-year-old citizen of Mexico who entered the United States without inspection in 1999, when he was 14 years old. Dkt. No. 1,

[1] The Court sets forth a summary of the relevant factual background based on the facts alleged in the Petition. Respondents had the opportunity to dispute these facts or provide additional facts but declined to do so unless noted herein. Dkt. No. 7.

Petition ¶¶ 2, 14. He has lived in Ventura County, California since entering the United States. *Id.* ¶ 2. He has four United States citizen children, has a long-term partner, and become a highly involved stepfather to three children from his previous partner. *Id.* Petitioner works hard to provide for his family and has been gainfully employed in the construction industry since arriving in 1999. *Id.* ¶ 15. He has also been a member of Moorpark Apostolic Church. *Id.* Petitioner states that his family is suffering in his absence as he was the primary income source. *Id.* ¶ 16.

On July 14, 2026, after Petitioner's release from Ventura County Jail, he was apprehended by ICE without a warrant, without a bond setting, and without any pre-deprivation process, including determination of flight risk or danger to the community. *Id.* ¶ 4. ICE took him to the Adelanto ICE Processing Center in Adelanto, California, where he is currently detained. *Id.* ¶ 5. Petitioner has suffered an injury to his knee following a slip and fall in the showers at Adelanto and is now suffering physically, as well as emotionally. *Id.* ¶¶ 5, 17.

According to the Automated Case Information on the Executive Office for Immigration Review ("EOIR") website, Petitioner has a Master hearing on November 10, 2026. *See* https://acis.eoir.justice.gov/en/ (last visited October 30, 2026).

## II. Discussion

The Petition raises two claims: (1) Violation of procedural due process and unlawful arrest under the Fifth Amendment; and (2) Violation of the Fifth Amendment—substantive due process. Petitioner seeks release.

---

Therefore, the Court considers the following undisputed facts to be conceded for purposes of ruling on the Petition. *See* C.D. Cal. L.R. 7-12.

Respondents' Response to the Petition asserts that this is Petitioner's first detention—he was not previously released from immigration detention or paroled—and his relief is limited to, at most, a bond hearing under 8 U.S.C. § 1226(a). Dkt. No. 7 at 2-3. Respondents argue to the extent that Petitioner has not requested a bond hearing from the Immigration Court, he has not properly exhausted his available remedies. *Id.* at 2.

In his Reply, Petitioner argues that Respondents failed to address the substance of his claims related to his warrantless arrest, statutory unlawful arrest and detention, or due process. Dkt. No. 8 at 1-7. Because Respondents failed to challenge the substance of the Petition, he argues that he is entitled to immediate release. *Id.* at 6.

### A. Petitioner is Entitled to Habeas Relief

Petitioner argues that his detention violates procedural due process and the statutory warrant protection provided in 8 U.S.C. §§1226(a) and 1357(a)(2) and asks for release. Dkt. No. 1. Courts in this District have adopted the warrant argument that Petitioner advances here. *See Mora Yanez v. Johnson*, No. 5:26-cv-3518-SRM-ACCV, 2026 WL 2121260, at *2 (C.D. Cal. July 16, 2026); *Cristin v. Armant*, No. 5:26-cv-4024-DTB, 2026 WL 2584394, at *2-4 (C.D. Cal. July 29, 2026); *Marin v. Noem*, No. 5:26-cv-9343-CV (SSCx), 2025 WL 3158094, at *3 (C.D. Cal. Oct. 4, 2025); *Villa Cabron v. Johnson*, No. 5:26-cv-04624-KES, 2026 WL 2584950, at *4 (C.D. Cal. Sept. 1, 2026); *Urias v. Semaia*, No. 26-cv-02753-DTB, 2026 WL 1710375, at *6 (C.D. Cal. June 10, 2026). *See also Delgado Perez v. Warden*, No. 5:26-cv-2699-SVW-E, Dkt. No. 14, Report and Recommendation (recommending release on several grounds, including the finding that the petitioner was detained without compliance with the statutory and regulatory circumstances under which a warrantless arrest is appropriate), adopted in relevant part by 2026 WL 2211234 (C.D. Cal. July 30, 2026). Petitioner's due process argument, too,

has been found persuasive. *Lobo-Portillo v. Johnson*, No. 5:26-CV-02105-SSS-AYP, 2026 WL 1365628, at *2 (C.D. Cal. May 8, 2026).

Respondents make no argument in their Response concerning Petitioner's warrant claim. *See* Dkt. No. 7 at 2-3. Respondents did not offer any evidence that the ICE agents had a warrant for Petitioner, nor did they offer any evidence that the ICE agents had any reason to believe that Petitioner was likely to flee or escape before a warrant could be obtained for him. Further, Respondents do not provide any argument that would undermine Petitioner's assertion that the lack of a warrant requires relief.

In addition, Respondents did not substantively respond to the merits of Petitioner's procedural due process claim. *See* Dkt. No. 7 at 2-3. In essence, then, Petitioner's *Mathews v. Eldrige*[2] argument is unopposed.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no

[2] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

basis to reject Petitioner's claims. Their failure to do so constitutes forfeiture of the arguments they could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to meaningfully oppose the claims or the relief sought. *See, e.g., Melendrez v. Warden of Desert View Facility, et al.*, No. 5:26-cv-527-BFM, 2026 WL 3036407, at *2-3 (C.D. Cal. Oct. 9, 2026) (granting petition based on respondents' failure to respond to petitioner's warrant and procedural due process claims and ordering petitioner released); *Gomez-Florez v. Mullin*, No. 5:26-cv-5585-BFM, 2026 WL 3036136, at *1-2 (C.D. Cal. Oct. 9, 2026) (same); *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining

claims); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. 5:25-cv-3024-FMO-SP, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III. Order

Based on the foregoing reasons, the Court GRANTS the Petition as follows:

Petitioner Rafael Huerta Mendoza (A# 246-062-058) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: October 30, 2026

Patricia Donahue
United States Magistrate Judge